1  FRITZ CLAPP   (Bar No. 99197)
   Attorney at Law
2  P.O. Box 2517
   Beverly Hills, CA 90213
3  Telephone:  888-292-5784
   Facsimile:  888-467-2341
4  E-mail:       <mail@fritzclapp.com>

5  Attorney for Plaintiff
   HELLS ANGELS MOTORCYCLE CORPORATION

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11                                        CV10 8029 CBM (MANx)

12  **HELLS ANGELS MOTORCYCLE**        Case No. _____
    **CORPORATION,**
13
         Plaintiff,                      **COMPLAINT FOR TRADEMARK**
14                                        **INFRINGEMENT, UNFAIR**
    v.                                    **COMPETITION AND**
15                                        **TRADEMARK DILUTION**
                                          **(INJUNCTIVE RELIEF SOUGHT)**
16  **ALEXANDER MCQUEEN**
    **TRADING LIMITED,**
17  **SAKS INCORPORATED, and**
    **ZAPPOS RETAIL, INC.**
18
         Defendants.
19

20

21        Plaintiff, HELLS ANGELS MOTORCYCLE CORPORATION, by and

22  through its undersigned attorney, hereby complains as follows:

23              **JURISDICTION AND VENUE**

24        1.    This action arises under the Trademark Act of 1946 (the Lanham Act), as

25  amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051 *et seq.*).

26  This court has jurisdiction over such claims pursuant to 28 U.S.C. § 1331 (federal

27  question), 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), and

28  15 U.S.C. § 1121(a) (Lanham Act).

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims herein occurred in this District, and because the Defendants are found and conduct business within this District.

3.      Intra-district venue is proper in the Western Division because, on information and belief, the Defendants are found and conduct business within the County of Los Angeles.

## PARTIES

4.      Plaintiff HELLS ANGELS MOTORCYCLE CORPORATION ("HAMC") is now, and at all relevant times was, a non-profit mutual benefit corporation organized and existing under the laws of the State of California. Plaintiff HAMC is the owner of the trademarks described herein, which it administers on behalf of, and for the benefit of, the Hells Angels Motorcycle Club.

5.      Defendant ALEXANDER MCQUEEN TRADING LIMITED ("MCQUEEN") is, on information and belief, a corporation organized and existing under the laws of the United Kingdom. Defendant MCQUEEN is a luxury fashion house, designing, manufacturing, distributing and selling products through its own stores, other retailers and online. Defendant MCQUEEN is found and conducts business within this District through its subsidiary enterprises as Alexander McQueen Boutique, located at 8379 Melrose Ave., Los Angeles, CA 90069. Defendant MCQUEEN and its subsidiary enterprises also conduct business within this District and throughout the United States via the Internet website <alexandermcqueen.com>.

6.      Defendant SAKS INCORPORATED ("SAKS") is, on information and belief, a corporation organized and existing under the laws of the State of New York. Defendant SAKS is the operator of high-end department stores, and is found and conducts business within this District through its subsidiary enterprises as Saks Fifth Avenue, 9600 Wilshire Blvd., Beverly Hills, CA 90212. Defendant SAKS and its subsidiary enterprises also conduct business within this District and throughout the United States via the Internet website <saksfifthavenue.com>.

7.     Defendant ZAPPOS RETAIL, INC. ("ZAPPOS") is, on information and belief, a corporation organized and existing under the laws of the State of Nevada. Defendant ZAPPOS conducts business within this District and throughout the United States via the Internet website <zappos.com>.

## PLAINTIFF'S MARKS

8.     At least as early as 1948, Plaintiff HAMC and its predecessor in interest, an unincorporated association known as the Hells Angels Motorcycle Club, have continuously employed the word mark HELLS ANGELS and design mark depicting a skull with wings (the "HAMC Death Head") as collective membership marks, trademarks and service marks used in connection with the promotion, advertising, conduct and expansion of a motorcycle club, including indicia of membership; on authorized products such as jewelry and apparel; and in connection with authorized services such as promotional and entertainment services.

9.     From more than half a century of continuous and conspicuous usage, both the HELLS ANGELS word mark and the HAMC Death Head design mark (the "HAMC Marks") are famous. The HAMC Marks are widely known and recognized by the public as indicating the Hells Angels Motorcycle Club.  Plaintiff HAMC and its predecessors in interest have exercised legitimate control over the membership, trade and service uses of the HAMC Marks by the duly authorized affiliates and licensees, and have been diligent and successful in abating the use of the HAMC Marks by unauthorized third parties.

10.     Plaintiff HAMC is the owner of the following United States trademark registrations for the HAMC Marks, further described in Exhibit A:

      a. Reg. Nos. 1,214,476, 1,301,050, and 2,588,116 – for HELLS ANGELS and HAMC Death Head as collective membership marks;

      b. Reg. Nos. 1,294,586, 1,943,341, 3,338,837, and 3,666,915 – for HELLS ANGELS word mark as trademark and service mark;

      c. Reg. Nos. 3,311,549, 3,311,550, and 3,666,916 – for HAMC Death Head

1    design as trademark and service mark.

2    11.    Plaintiff's registrations for the HAMC Marks have become incontestible

3    under 15 U.S.C. §1065.  These registrations are, therefore, conclusive evidence of

4    Plaintiff's exclusive right to use the HAMC Marks.

5    12.    From decades of notoriety, the HAMC Marks have acquired very

6    widespread public recognition, consequently they evoke strong and immediate

7    reactions whenever used.  The impact of these marks is virtually incomparable, and as

8    a result they have great commercial value.  Defendants seek to exploit that value for

9    their own gain.

10    **DEFENDANTS' INFRINGING PRODUCTS**

11    13.    Plaintiff HAMC is informed and believes that Defendants MCQUEEN,

12    SAKS and ZAPPOS, and each of them, have in the past and continue to manufacture,

13    source, market and/or sell jewelry, apparel and accessories that infringe and dilute the

14    HAMC Marks (hereinafter the "infringing products").

15    14.    In particular, Plaintiff HAMC is informed and believes that Defendants

16    MCQUEEN, SAKS and ZAPPOS, and each of them, manufactures, sources, markets

17    and/or sells jewelry designs that are confusingly similar to the HAMC Death Head

18    mark.  These infringing jewelry designs include, without limitation, the examples

19    illustrated in Exhibit B, which are referred to therein as the "Hells Four-Finger Ring"

20    design.

21    15.    In particular, Plaintiff HAMC is informed and believes that Defendants

22    MCQUEEN, SAKS and ZAPPOS, and each of them, manufactures, sources, markets

23    and/or sells infringing handbags that employ the same design as the "Hells Four-

24    Finger Ring" and also confusingly similar to the HAMC Death Head mark.  These

25    infringing handbags include, without limitation, the examples illustrated in Exhibit C,

26    which are referred to therein as the "Hells Knuckle Duster" design.

27    16.    In particular, Plaintiff HAMC is informed and believes that Defendants

28    MCQUEEN, SAKS and ZAPPOS, and each of them, manufactures, sources, markets

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION
AND TRADEMARK DILUTION (INJUNCTIVE RELIEF SOUGHT)                                    Page 4

and/or sells apparel and accessories named with the HELLS ANGELS word mark. These infringing items include, without limitation, the examples illustrated in Exhibit D, the "Hells Angels Jacquard Box Dress" and "Hells Angels Pashmina."

17.    Plaintiff HAMC is informed and believes that Defendants MCQUEEN, SAKS and ZAPPOS, and each of them, have produced, manufactured, designed, marketed, offered for sale and sold substantial quantities of products infringing the HAMC Marks, and have obtained and continue to obtain substantial profits from such sales.

18.    The actions of Defendants MCQUEEN, SAKS and ZAPPOS, and each of them, have caused and will cause Plaintiff HAMC irreparable harm for which money damages and other remedies are inadequate.  Unless Defendants, and each of them, are restrained by this Court, they will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to Plaintiff.  Accordingly, in addition to other relief sought, Plaintiff HAMC is entitled to preliminary and permanent injunctive relief against Defendants MCQUEEN, SAKS and ZAPPOS, and all persons acting in concert with them.

### FIRST CLAIM
**Federal Trademark Infringement**
**(Lanham Act § 32 – 15 U.S.C. §§ 1114-1117)**

19.    Plaintiff HAMC realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 18 of this Complaint.

20.    Without consent of Plaintiff HAMC, Defendants MCQUEEN, SAKS and ZAPPOS, and each of them, have used, in connection with the sale, offering for sale, distribution or advertising of the infringing products, designs that infringe upon the HAMC Marks.

21.    These acts of infringement have been committed with the intent to cause confusion, mistake or deception, and are in violation of 15 U.S.C. § 1114.

22.    As a direct and proximate result of the infringing activities of Defendants

1   MCQUEEN, SAKS and ZAPPOS, and each of them, Plaintiff HAMC has suffered
2   substantial damage.

3       23.   Defendants' infringement of the HAMC Marks as alleged herein is an
4   exceptional case and was intentional, entitling Plaintiff HAMC to treble the actual
5   damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

6   **SECOND CLAIM**
    **Federal Unfair Competition**
7   **(Lanham Act § 43(a) – 15 U.S.C. § 1125(a))**

8       24.   Plaintiff HAMC realleges and incorporates by reference each of the
9   allegations contained in paragraphs 1 through 23 of this Complaint.

10      25.   Defendants' conduct constitutes the use of words, symbols or devices
11  tending falsely to describe the infringing products, within the meaning of 15 U.S.C. §
12  1125(a)(1).  Defendants' conduct is likely to cause confusion, mistake, or deception
13  by or in the public as to the affiliation, connection, association, origin, sponsorship or
14  approval of the infringing products to the detriment of Plaintiff HAMC and in
15  violation of 15 U.S.C. § 1125(a)(1).

16      26.   As a direct and proximate result of the infringing activities of Defendants
17  MCQUEEN, SAKS and ZAPPOS, and each of them, Plaintiff HAMC has suffered
18  substantial damage.

19  **THIRD CLAIM**
    **Federal Dilution of Famous Mark**
20  **(Federal Trademark Dilution Act of 1995)**
    **(Lanham Act § 43(c) – 15 U.S.C. § 1125(c))**
21

22      27.   Plaintiff HAMC realleges and incorporates by reference each of the
23  allegations contained in paragraphs 1 through 26 of this Complaint.

24      28.   The HAMC Marks are distinctive and famous within the meaning of the
25  Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

26      29.   Defendants' activities have diluted or are likely to dilute the distinctive
27  quality of the HAMC Marks in violation of 15 U.S.C. § 1125(c), as amended.

28      30.   Plaintiff HAMC is entitled to injunctive relief pursuant to 15 U.S.C. §

1125(c).

31.    Because Defendants willfully intended to trade on Plaintiff HAMC's reputation or to cause dilution of the HAMC Marks, Plaintiff HAMC is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff HAMC prays that this Court grant it the following relief:

a.)    Adjudge that the HAMC Marks have been infringed by Defendants in violation of the rights of Plaintiff HAMC under 15 U.S.C. § 1114;

b.)    Adjudge that Defendants have competed unfairly with Plaintiff HAMC in violation of its rights under 15 U.S.C. § 1125(a);

c.)    Adjudge that Defendants' activities are likely to, or have, diluted the famous HAMC Marks in violation of the rights of Plaintiff HAMC under 15 U.S.C. § 1125(c);

d.)    Adjudge that Defendants, their subsidiaries, parent and affiliated companies, successors, assigns, agents, and employees, and all others acting for, with, by, through or in concert  with Defendants, shall be enjoined and restrained at first during the pendency of this action and thereafter permanently from using the HELLS ANGELS word mark, the HAMC Death Head design mark, and any other mark, word, name or symbol that is likely to cause confusion with, or cause dilution of, the HAMC Marks;

e.)    Adjudge that Defendants be required immediately to recall and sequester their inventories of the infringing products, and to supply an accounting of such inventories to Plaintiff HAMC's counsel;

f.)    Adjudge that Defendants be required to deliver their entire inventories of the infringing products to a mutually selected third party for supervised destruction;

g.)    Adjudge that Defendants, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon counsel

1   for Plaintiff HAMC a written report under oath setting forth in detail the manner in

2   which they have complied with the judgment;

3         h.)     Adjudge that Plaintiff HAMC recover from Defendants its damages in

4   an amount to be proven at trial;

5         i.)     Adjudge that Defendants be required to account for any profits that are

6   attributable to its illegal acts, and that Plaintiff HAMC be awarded three times

7   Defendants' profits under 15 U.S.C. § 1117, plus prejudgment interest;

8         j.)     Order an accounting of and impose a constructive trust on all of

9   Defendants' funds and assets that arise out of Defendants' infringing activities;

10        k.)     Adjudge that Defendants be required to pay exemplary damages for

11  fraud, malice and gross negligence, whether grounded on proof of actual damages or

12  on proof of unjust enrichment;

13        l.)     Adjudge that Plaintiff HAMC be awarded the costs of this action,

14  together with reasonable attorney's fees and disbursements; and

15        m.)    Adjudge that all such other and further relief be awarded to Plaintiff

16  HAMC as the Court deems just and equitable.

17  Dated:  October 25, 2010

18

19  _____

20  FRITZ CLAPP
    Attorney at Law
21  P.O. Box 2517
    Beverly Hills, CA 90213
22  Telephone:  888-292-5784
    Facsimile:   888-467-2341
23  Email:         <mail@fritzclapp.com>
    Attorney for Plaintiff HELLS ANGELS
24  MOTORCYCLE CORPORATION

25

26

27

28

## HAMC MARKS

| Mark | Goods/Services [Int. Class] | Reg. No. |
|---|---|---|
| **HELLS ANGELS** | Membership in an association of motorcyclists [200] | 1,214,476 |
| | T-shirts; entertainment services, namely, arranging and conducting concerts for the benefit of others [025, 041] | 1,294,586 |
| | Posters, calendars and adhesive labels [016] | 1,943,341 |
| | Belt buckles, embroidered and cloth patches [026] | 3,338,837 |
| | Jewelry, jewelry pins, clocks and watches, earrings, key rings made of precious metal, badges made of precious metal, and chains made of precious metal [014]; Books, booklets and newspapers concerning motorcycle clubs; posters, calendars and adhesive labels [016];  Shirts, t-shirts, pullovers, jackets, sweaters, sweat pants, trousers, vests, caps with visors, headwear and footwear [025]; Belt buckles, ornamental novelty badges, ornamental cloth patches and embroidered patches for clothing [026]; Entertainment services, namely, arranging and conducting concerts, parties, rallies and special events [041] | 3,666,915 |
|  | Membership in a motorcycle club [200] | 2,588,116 |
| | Embroidered patches for clothing; ornamental cloth patches; belt buckles [026] | 3,311,549 |
| | Clocks; pins and rings [014] | 3,311,550 |
| | Jewelry, jewelry pins, clocks and watches, earrings, key rings made of precious metal, badges made of precious metal, and chains made of precious metal [014]; Books, booklets and newspapers concerning motorcycle clubs; posters, calendars and adhesive labels [016];  Shirts, t-shirts, pullovers, jackets, sweaters, sweat pants, trousers, vests, caps with visors, headwear and footwear [025]; Belt buckles, ornamental novelty badges, ornamental cloth patches and embroidered patches for clothing [026]; Entertainment services, namely, arranging and conducting concerts, parties, rallies and special events [041] | 3,666,916 |
|  | Membership in a motorcycle club [200] | 1,301,050 |

# EXHIBIT A



**Alexander McQueen**
**Hells Four-Finger Ring/Gold**
A winged skull adorns all four fingers for a dramatic, eye-catching statement.
- Brass
- Crystal
- Length, about 3½"
- Width, about 1¼"
- Made in Italy

**$495.00**   0401685109840



**Alexander McQueen**
**Hells Four-Finger Ring/Silver**
A winged skull design adorns each knuckle for a signature, modern update of a typical ring.
- Brass
- Jet crystal
- Length, about 3 ½"
- Width, about 1 ¼"
- Made in Italy

$495.00   0401685109727

# *EXHIBIT B*

ALEXANDER
# MQUEEN



SKU# 7709386                    $2329.00
Sold by Zappos Retail, Inc.

Size:     One Size
Color:    Black

[ ✦ Add To Shopping Bag ]

[ ✦ Add To My Favorites ]
[ In Stock? ]

multiview

**Alexander McQueen
253132FSP0G Hell's Knuckle Duster**

  

# *EXHIBIT C*



*EXHIBIT D*

FRITZ CLAPP, ESQ.   (Bar No. 99197)
P.O. Box 2517
Beverly Hills, CA 90213
Telephone:  (888) 292-5784
Facsimile:  (888) 467-2341

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| HELLS ANGELS MOTORCYCLE CORPORATION | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV10 8029 CBM (MANx) |
| v. | |
| ALEXANDER MCQUEEN TRADING LIMITED, SAKS INCORPORATED, and ZAPPOS RETAIL, INC., | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, FRITZ CLAPP, ESQ. _____, whose address is P.O. Box 2517, Beverly Hills, CA 90213 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT 2 5 2010

By: **CHRISTOPHER POWERS**
Deputy Clerk

*(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*